# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TIAKO BROOKS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2099 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before me on Tiako Brooks's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion appears to be barred by the limitations period, and I will order movant to show cause why this action should not be summarily dismissed.

Movant pled guilty to possession with the intent to distribute crack cocaine. Brooks qualified as a career offender, so his guidelines range was calculated under Section 4B1.1(b) of the Sentencing Guidelines. His guidelines range was 262-327 months. I determined that the low end of that sentencing range was greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a), and on December 7, 2006, I sentenced him to 204 months' imprisonment. This sentence was in the middle of the guidelines range under which he would have qualified for the drug

offense, had he not been a career offender. Movant did not appeal or file a timely §
2255 motion.

In the instant motion, movant argues that his counsel was ineffective for
allowing him to plead guilty when his punishment range was unknown because his
criminal history had not been calculated. Movant argues that he is entitled to relief
under the Supreme Court of the United States' recent ruling in Alleyne v. United
States, 133 S. Ct. 2151 (2013), in which the Court held that any fact that increases the
mandatory minimum sentence for a crime is an "element" of the criminal offense that
must be proven beyond a reasonable doubt by submission to the jury. Id. at 2155. The
Court resolved Alleyne on direct, rather than collateral review, and it did not declare
that its new rule applied retroactively on collateral attack.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States
District Courts provides that a district court may summarily dismiss a § 2255 motion
if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes
> final;

> (2) the date on which the impediment to making a motion
> created by governmental action in violation of the

> Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

Movant asserts that his motion is timely under § 2255(f)(3) in that the limitations period began to run on June 17, 2013, the date on which the Court issued its decision in Alleyne.

Nothing in Alleyne may be interpreted to suggest that the Court intended it to be applied retroactively. In fact, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Court has already decided that other procedural rules based on Apprendi do not apply retroactively, which strongly implies that they will not declare that Alleyne should be applied retroactively either. See Schriro v. Summerlin,

542 U.S. 348, 353 (2004) (holding that <u>Ring v. Arizona</u>, 536 U.S. 584 (2002), was properly classed as procedural, rather than substantive). As a result, the Court's decision in <u>Alleyne</u> did not revive the limitations period.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on or about December 21, 2006. Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). As a result, the one-year period of limitations under § 2255 expired in December 2007.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause within twenty-eight (28) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to timely respond to this Order will result in the denial of the instant motion and the dismissal of this action.

Dated this 23rd day of October, 2013.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE