# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIAKO BROOKS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2099 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Rule 4 of the Rules Governing § 2255 Proceedings requires that I review a motion to vacate when it is filed and to dismiss if movant is not entitled to relief. When the instant motion was filed, I determined that it appeared to be time-barred, and I ordered movant to show cause why it should not be dismissed. Movant has failed to offer any plausible reason why this action should not be summarily dismissed. Therefore, I will dismiss this action without further proceedings.

Movant pled guilty to possession with the intent to distribute crack cocaine. He qualified as a career offender, so his guidelines range was calculated under § 4B1.1(b) of the Sentencing Guidelines. His guidelines range was 262-327 months. I determined that the low end of that sentencing range was greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a), and on December 7, 2006, I sentenced him to 204 months' imprisonment. This sentence was in the middle of

the guidelines range under which he would have qualified for the drug offense had he not been a career offender. Movant did not appeal or file a timely § 2255 motion.

In the instant motion, movant argues that his counsel was ineffective for allowing him to plead guilty when his punishment range was unknown because his criminal history had not been calculated. Movant argues that he is entitled to relief under the Supreme Court of the United States' recent ruling in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), in which the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. <u>Id.</u> at 2155. The Court resolved <u>Alleyne</u> on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant asserts that his motion is timely under § 2255(f)(3) in that the limitations period began to run on June 17, 2013, the date on which the Court issued its decision in Alleyne.

Nothing in Alleyne may be interpreted to suggest that the Court intended it to be applied retroactively. In fact, Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), and the Court has already decided that other procedural rules based on Apprendi do not apply retroactively, which strongly implies that they will not declare that Alleyne should be applied retroactively either. See Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (holding that Ring v. Arizona, 536 U.S. 584 (2002), was properly classed as procedural, rather than substantive). As a result, the Court's decision in Alleyne did not revive the limitations period.

Seeking to avoid dismissal, movant argues that the district court can declare Alleyne to be retroactive. Under § 2255(f)(3), however, only the Supreme Court can declare case law to be retroactive. So, this argument fails.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on or about December 21, 2006. Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a). As a result, the one-year period of limitations under § 2255 expired in December 2007.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

A separate Order of Dismissal will be filed forthwith.

Dated this 9th day of December, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE